IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   4:12cr5/RH/CAS
                 4:14cv26/RH/CAS

ERNEST MORDICA

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 177). The Government filed a response (doc. 180) and Defendant filed a reply (doc. 184). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

Defendant was charged in a three-count superseding indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Government's response in opposition to Defendant's § 2255 motion and in the PSR (doc. 144).

a quantity of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 842(b)(1)(C) [sic] (doc. 32).  Two other individuals were charged in the same indictment.  On April 6, 2012, the Government filed a notice indicating its intent to seek enhanced penalties due to a single prior felony drug conviction (doc. 39).

On June 20, 2012, Defendant's appointed counsel Richard H. Smith moved to withdraw due to a conflict that had arisen between the interests of Defendant and another of Smith's clients (doc. 86).  The court appointed attorney Charles A. McMurray to represent Defendant on June 25, 2012 (doc. 90).  On September 26, 2012, Defendant entered a plea of guilty pursuant to a written plea agreement and statement of facts (docs. 114–116).

The Presentence Investigation Report ("PSR") was disclosed to the defense on November 14, 2012 (doc. 135).  Defendant's total offense level of 27 reflected his responsibility for four kilograms of cocaine, for a base offense level of 30, and a three-level adjustment for acceptance of responsibility (doc. 135, Draft PSR ¶¶ 28–35).  However, due to the application of the career offender enhancement under U.S.S.G. § 4B1.1and the corresponding enhanced base offense level of 37, Defendant's total offense level became 34 (*id.* at ¶¶ 36–38).  Defendant's criminal history category was calculated at IV, but pursuant to U.S.S.G. § 4B1.1 it became VI (*id.* at ¶¶ 47–48).  The statutory mandatory minimum sentence was 120 months imprisonment, based on Defendant's prior conviction and the quantity of drugs attributed to him.  The applicable guidelines range was 262 to 327 months due to the career offender enhancement (*id.* at ¶ 74–75).

The Government filed no written objections to the PSR (doc. 139). Defendant objected to the quantity of drugs attributed to him and to his classification as a career offender (doc. 140). The updated PSR reflected these objections and included a five page letter from Defendant in which he delineated his own objection to the career offender enhancement, but the report contained no substantive changes (doc. 144).

Sentencing began on January 19, 2012, but the court continued the hearing to give Defendant a chance to consider whether he wanted to withdraw his guilty plea (*see* doc. 147).[2] When sentencing reconvened approximately one month later, the court noted on the record that Defendant had not filed a motion to withdraw his guilty plea (doc. 176 at 2).

Defendant had some success with respect to his objections. After hearing argument from the parties, the court sustained the defense objection to the application of the career offender guideline. It ruled that Defendant's drug trafficking conviction was not a qualifying predicate offense for career offender purposes and that Defendant therefore did not have sufficient qualifying offenses to subject him to the increased career offender punishment (doc. 176 at 13–17). The court overruled the defense objection to quantity, leaving his base offense level the same.

Without the application of the career offender enhancement, Defendant's total offense level was reduced from 34 to 27, and his criminal history category was IV instead of VI. In light of the application of the statutory minimum mandatory sentence, Defendant's final revised guideline range was 120 to 125 months (doc. 176 at 27).

---

[2] Only the second portion of the sentencing hearing was transcribed.

After hearing argument from defense counsel, and brief remarks from Defendant, the court imposed a sentence of 120 months.  In so doing, the court noted the significant difference that its ruling on the career offender enhancement had made to Defendant's sentence and told Defendant that he had essentially received a "break" in the case.  The court stated that it had approached the first sentencing expecting that it would impose a 262 month sentence, at the bottom of the guideline range that would have been applicable if Defendant had been subject to the career offender enhancement (doc. 176 at 30–31).

At the close of the proceeding, the court offered its standard instructions to Defendant about his appellate rights.  It told Defendant that any appeal needed to be filed within fourteen days, and that counsel could file a notice of appeal or the courtroom deputy could do it upon Defendant's request (doc. 176 at 43–44).

Defendant did not appeal, but in January of 2014 he timely filed the instant § 2255 motion, raising three claims of ineffective assistance of counsel.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Legal Standards</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral

attack.  See 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000);

Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is

even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807

(11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### Ground One

Defendant's first ground for relief is that his attorney advised him to plead guilty without advising him that he would be enhanced as a career criminal or about the extra prison time he would serve as a result.  Defendant states that once he learned about the career criminal enhancement, counsel "convinced" him to plead guilty anyway.

The basis for Defendant's claim is unclear, in light of the court's ruling at sentencing that the career criminal adjustment was inapplicable.  Furthermore, the recess between the first and second portion of the sentencing hearing was for the purpose of "clean[ing] up the record on whether Mr. Mordica wanted to seek to withdraw his guilty plea" (doc. 176 at 2).  The court had set a deadline for Defendant to so move,

but that deadline elapsed without motion from the defense.  Counsel confirmed that Defendant had decided not to seek to withdraw his guilty plea, and Defendant did not offer any protest of this representation.

Strickland's two part test also applies to guilty pleas.  Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  Id at 1384–85 (quoting Hill, 474 U.S. at 59).  A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.  Pericles v. United States, 567 F. App'x 776, 2014 WL 2198514 at *5 (11th Cir. 2014) (quoting Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)).  Here, Defendant has made no such assertion.

Neither Defendant's allegations nor the record suggests that his plea was not knowing and voluntary, and he has failed to show that counsel's performance was constitutionally deficient.  He is not entitled to relief on this ground.

Ground Two

Defendant's second claim of ineffective assistance of counsel pertains to counsel's knowledge of the then-pending cases Alleyne v. United States and Descamps v. United States.  Defendant states that "the cases [he] was enhanced on are ones that these cases deals (sic) with" (doc. 177 at 3–4).

Again, the nature of Defendant's claim is not entirely clear.  Trial counsel's failure to predict a change in the law does not constitute deficient performance.  See Marquard v. Secretary, Dept. Of Corrections, 429 F.3d 1278 (11th Cir. 2005) (citing Spaziano v.

Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)). In fact, there is a "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (citing Spaziano, 36 F.3d at 1039; Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995); Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991); Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986)). This is true even when the change is such that the forfeited issues was, in hindsight, a sure winner. Ardley, 273 F.3d at 993 (citing Wright v. Hopper, 169 F.3d 695, 707-708 (11th Cir. 1999) (Batson issue); Elledge v. Dugger, 823 F.2d 1439, 1443 (11th Cir. 1987) (Michigan v. Mosley issue); Thompson v. Wainwright, 787 F.2d at 1459 n. 8 (Ake issue)). In any event, neither Alleyne nor Descamps would have directed a more favorable outcome in this case.

In the seminal case of Apprendi v. New Jersey, the Supreme Court held that a fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the crime that must be submitted to a jury. 530 U.S. 466, 490–91 (2000). In Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013) the Supreme Court extended the holding in Apprendi to facts, other than a prior conviction, that increase the mandatory minimum prescribed by a statute, while recognizing that such facts are distinct from fact-findings that guide judicial discretion in selecting a punishment within limits fixed by law. Alleyne, 133 S.Ct. at 2161 & n. 2. Even if Defendant had been

convicted by a jury, because Defendant's sentence was "enhanced" due to a prior conviction, (*see* doc. 39; doc. 144, PSR ¶ 45), Alleyne is inapplicable to his case.

In Descamps v. United States, the Supreme Court addressed the manner in which certain predicate felonies should be analyzed for purposes of the Armed Career Criminal Act ("ACCA"). Defendant was not charged with a firearms offense, and he was not sentenced under ACCA. Furthermore, because he was not classified as a career offender, the only one of his prior felonies that had an impact on his sentence was the felony drug conviction that subjected him to enhanced statutory penalties as provided in 21 U.S.C. §§ 841 and 851 (*see* doc. 39; doc. 144, PSR ¶ 45). The analysis set forth in Descamps would not have been instructive under the facts in Defendant's case.

Finally, the court notes that Defendant was sentenced to a term of 120 months imprisonment, the minimum mandatory sentence. As the court reminded counsel at sentencing, absent a substantial assistance motion, it could not depart below the ten year statutory mandatory minimum sentence in Defendant's case (doc. 176 at 28, 34). Descamps and Alleyne were not applicable to Defendant's case, and Defendant has not shown that counsel was not constitutionally ineffective.

### Ground Three

Defendant's third ground for relief relates to his right to appeal. Defendant claims that he was never informed by his attorney that he could appeal his case, and further claims that if counsel had so advised him, he would have done so. Even if counsel had never mentioned Defendant's right of appeal to him, Defendant's assertion of ignorance with respect to his appellate rights is refuted by the record.

After imposing sentence and answering specific questions posed by Defendant, the court advised Defendant of his right to appeal (doc. 176 at 43). It specifically told Defendant that he had the right to appeal, that any appeal needed to be filed in the next 14 days, and that if he was unable to afford a lawyer, then one would be appointed for him. After confirming that defense counsel was court-appointed, the court told Defendant that the same attorney would continue as his court-appointed lawyer for the purpose of any appeal. *Id.*

The court informed Defendant that counsel could file a notice of appeal for him, or that the courtroom deputy clerk could file the notice of appeal at Defendant's request (doc. 176 at 43). The court reiterated that the deadline for filing the notice of appeal was 14 days. It advised Defendant to talk with counsel as soon as possible to ensure that counsel had a clear understanding of Defendant's wishes with respect to an appeal. *Id.*

The court then instructed counsel that if his client decided to appeal, to file the notice and move forward. It stated that if Defendant decided not to appeal "please write him a letter to confirm the decision, to bring home to him the importance of the decision he's made and also to make sure that there is no misunderstanding" (doc. 176 at 43–44).

In addition to the fact that the court clearly and explicitly advised Defendant of his appellate rights, former defense counsel has submitted an affidavit detailing the conversations he had with his client regarding an appeal. Counsel explains that he met with his client after sentencing and discussed the "success" of sentencing in that

Defendant's sentence had been reduced from a range of exposure of 262 to 327 months to the bare minimum (doc. 180-1 at 2). Although an appeal was mentioned, counsel notes that there was no basis for an appeal. Counsel also states that he met with Defendant the following week, at which time they discussed the possibility of Defendant receiving a Rule 35. The question of an appeal was again discussed, but Defendant had no desire to file an appeal in light of the fact that he could not have received a lower sentence than the one that had been imposed. Counsel also states that he specifically asked Defendant on more than one occasion whether he wanted to appeal, and Defendant responded in the negative (*id.* at 2–3).

In his reply memorandum, Defendant attempts to significantly change the nature of his claim in ground three by captioning his third claim as "Counsel erred in not filing a Notice of Appeal during critical stage of the prosecution and at the Request of Mordica" (doc. 184 at 17). There are no separate facts included in this apparently revised claim to support this vague assertion, and instead the heading is followed by two and a half pages of legal argument which add nothing to the court's consideration of the issue. Even if the claim is liberally construed as having been re-framed to allege that counsel failed to file an appeal as requested, Defendant has offered no factual support for this position. Just as significantly, taking this position would be factually inconsistent with Defendant's claim as presented, under oath, in his initial motion, that counsel never told Defendant he could appeal.

In either event, Defendant is not entitled to relief. Accepting as true Defendant's representation in his initial motion that his attorney never told him that he could appeal,

Defendant has not shown that he was prejudiced, in light of the court's explicit instructions with respect to an appeal.  Additionally, Defendant has never specifically claimed that counsel failed to file an appeal as instructed, and he has made no effort to rebut counsel's affidavit detailing the conversations between attorney and client with respect to an appeal.[3]  As such, the court finds that Defendant has not shown that counsel's representation was constitutionally deficient, and he is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

---

[3] The wisdom of taking an appeal is not dispositive to the court's consideration of this claim, as a Defendant need not have a meritorious claim in order to be entitled to pursue an appeal.  It is interesting to note, however, that in this case, an unfavorable appellate ruling could have had significant adverse consequences for Defendant.  The sentencing court noted that if it was wrong on its career offender ruling, the Eleventh Circuit should vacate Defendant's sentence and send the case back, with the clear implication that Defendant would receive a significantly longer sentence (*see* doc. 176 at 31).

Case Nos.: 4:12cr5/RH/CAS; 4:14cv26/RH/CAS

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 177) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 31st day of October, 2014.


/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 4:12cr5/RH/CAS; 4:14cv26/RH/CAS