# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          CASES NO.  4:12cr5-RH/CAS
                                                       4:14cv26-RH/CAS

ERNEST MORDICA,

        Defendant.

_____/

## <u>ORDER ON THE § 2255 MOTION</u>

The defendant Ernest Mordica has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  Mr. Mordica asserts three claims.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 185, and the objections, ECF No. 188.  I have reviewed *de novo* the issues raised by the objections.  This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.  The order adds the following additional grounds for the ruling.

<div align="center">I</div>

Mr. Mordica's first and second claims assert ineffective assistance of counsel in connection with Mr. Mordica's guilty plea and sentencing.  The claims

are plainly unfounded.  Mr. Mordica has not alleged facts showing that his attorney rendered ineffective assistance in these respects.

Mr. Mordica pleaded guilty after being accurately advised on the record that the minimum mandatory sentence was 10 years in prison and the maximum was life.  He testified under oath at the plea proceeding that he was pleading guilty because he was in fact guilty.  He admitted on the record all the elements of the offense, including the drug amount triggering the 10-year minimum sentence.

As it turned out, Mr. Mordica was sentenced to 10 years in prison—an extraordinarily favorable result.  Indeed, the sentence was 10 years, rather than a greater amount and perhaps 262 months, because I ruled that Mr. Mordica was not a career offender within the meaning of the United States Sentencing Guidelines Manual.  The issue turned on whether Mr. Mordica's prior Florida conviction for trafficking cocaine was a career-offender predicate offense.  A Florida trafficking conviction requires proof only that the defendant possessed cocaine above a threshold amount, not that the defendant intended to distribute the cocaine.  But the threshold amount is a distribution quantity, not a personal-use quantity.

I ruled that a drug possession offense that does not include as an element an intent to distribute is not a career-offender predicate offense.  *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (including as a career-offender predicate a "controlled substance offense"); *id*. § 4B1.2(b) (defining a "controlled substance

offense" as an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) *with intent to manufacture, import, export, distribute, or dispense*) (emphasis added).

This ruling was an extension of *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011), which held that a state conviction for *purchasing* a controlled substance is not a career-offender predicate offense, because purchasing is not mentioned in § 4B1.2(b).  Whether the Eleventh Circuit ultimately will agree with this extension of *Shannon* is unclear, especially in light of an earlier Eleventh Circuit decision that neither side cited at Mr. Mordica's sentencing proceeding. *See United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005).  If Mr. Mordica had been deemed a career offender, the guideline range would have been 262 to 327 months, and, as I said on the record of the initial sentencing hearing, the sentence would have been greater—perhaps as much as 262 months.

 Mr. Mordica's attorney did not render ineffective assistance in connection with the guilty plea and sentencing.

## II

Mr. Mordica did not take a direct appeal.  Mr. Mordica's third claim in this § 2255 motion is that his attorney rendered ineffective assistance by failing to

advise Mr. Mordica that he could appeal.  In the motion, Mr. Mordica repeatedly

said he did not appeal because he did not know he could appeal.

As the report and recommendation correctly notes, the contention is refuted

by the record.  I addressed Mr. Mordica personally in open court after announcing

the sentence.  I told him explicitly that he could appeal, that the attorney could file

a notice of appeal, and that the clerk of court would file a notice of appeal at Mr.

Mordica's request.  I told Mr. Mordica to talk with his attorney and to make clear

to the attorney whether he did or did not wish to appeal.  Mr. Mordica's assertion

that he did not know he could appeal is frivolous.

After these facts were spelled out in the report and recommendation, Mr.

Mordica changed tack.  In the objections to the report and recommendation, Mr.

Mordica said he told the attorney to appeal.  Had Mr. Mordica said this at the

outset, he might well be entitled to an evidentiary hearing.  But Mr. Mordica did

not make this allegation at the outset.  Instead, he repeatedly said in the § 2255

motion that he did not appeal because he did not know he could appeal.  Having

repeatedly said this, Mr. Mordica cannot now force an evidentiary hearing by

asserting the contrary.

III

One other matter has not affected this decision but deserves mention.  As

correctly noted in the report and recommendation, a defendant is entitled to an

appeal on a showing that his attorney failed to file a notice of appeal as instructed, without a showing that the appeal has merit. When a defendant prevails on such a failure-to-appeal claim, the proper procedure is to vacate the original judgment and enter a new judgment with the same terms, thus allowing the defendant to file a timely notice of appeal. *See, e.g.*, *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996). Upon the filing of a notice of appeal, any other party can file a cross-appeal. Here that means the government.

If Mr. Mordica now appeals the ruling on this third claim and ultimately prevails—that is, if he appeals this order, wins, and establishes on remand that he told his attorney to appeal—the original judgment will be vacated and a new judgment will be entered with the same terms.

This will allow Mr. Mordica to go forward with an appeal on the merits. Mr. Mordica will surely lose that appeal. He voluntarily pleaded guilty, confirmed it on the record, and got the lowest lawful sentence. Indeed, a conscientious attorney might well be required to file a brief under *Anders v. State of California*, 386 U.S. 738, 745 (1967).

Mr. Mordica may wish to consider that if he pursues such an appeal, the government apparently will be entitled to cross-appeal, challenging my career-offender ruling.

The bottom line is this.  Mr. Mordica has now sworn he told his attorney to appeal, contrary to what Mr. Mordica said in the § 2255 motion.  If Mr. Mordica ultimately is allowed to appeal, he almost surely will gain nothing, and he may open himself to a sentence of up to 262 months.  Mr. Mordica might do well to heed the old saw: "Be careful what you wish for; you may get it."

IV

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Mordica has made the required showing on the third claim but not on the first two.

<div align="center">V</div>

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is entered on this issue: whether the defendant is entitled to an evidentiary hearing on the claim that his attorney rendered ineffective assistance by failing to file a direct appeal.

3. Leave to proceed on appeal *in forma pauperis* is granted.

SO ORDERED on April 29, 2015.

<div style="margin-left:50%">s/Robert L. Hinkle_____<br>United States District Judge</div>